# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

NATHANIEL DEVERS;
CORY SHIMENSKY; and
STEPHEN SHIMENSKY,

                Plaintiffs,

v.                                                   CIVIL ACTION NO. 3:18-1452

CITY OF HUNTINGTON d/b/a
HUNTINGTON POLICE DEPARTMENT, a municipal corporation;
RONNIE LUSK, individually and in his official capacity;
COLIN COOPER, individually and in his official capacity;
AARON LAWHON, individually and in his official capacity;
TYLER MEADE, individually and in his official capacity;
SHAWN HENSON, individually and in his official capacity;
JOHN DOE SUPERVISOR,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants' Motion to Strike portions of Plaintiffs' Amended Complaint, filed by Defendants City of Huntington d/b/a Huntington Police Department, Ronnie Lusk, Colin Cooper, Aaron Lawhon, and Tyler Meade. *Mot. to Strike*, ECF No. 17; *Am. Compl.*, ECF No. 3. Specifically, Defendants move that this Court strike Paragraphs 6 through 11[1] of Plaintiffs' Amended Complaint, which they argue are "immaterial" and "scandalous" allegations

---

[1] Although Defendants "request that the Court strike Paragraphs 1 through 11" of Plaintiff's Amended Complaint in the first paragraph of their Motion to Strike, this appears to be an error. *See Mot. to Strike*, at 1. Subsequent references to the Amended Complaint ask only that the Court strike the sixth through eleventh paragraphs, which in any event are the only portions of the Amended Complaint that relate to Defendants' arguments. *Id.* at 2. As such, the Court will focus solely on Paragraphs 6 through 11.

under Rule 12(f) of the Federal Rules of Civil Procedure.[2] *See Mot. to Strike*, at 2. Consistent with the following reasoning, the Court **DENIES** Defendants' Motion to Strike Paragraphs 6 through 11 of Plaintiffs' Amended Complaint.

### I. BACKGROUND

This action stems from a physical altercation between Plaintiffs Nathaniel Devers, Cory Shimensky, and Stephen Shimensky and several Huntington Police Department ("HPD") officers that occurred outside a local restaurant in October 2017. *Am. Compl.*, at 6. Plaintiffs allege that a number of officers—including Defendants Ronnie Lusk, Shawn Henson, Aaron Lawhon, and Colin Cooper—initiated a violent encounter after Defendants refused to file a police report on behalf of one of Plaintiff's party. *Id.* at 7. Plaintiffs claim that Defendants threw members of their party to the ground, beat them severely, and fired Taser probes at them "for no reason." *Id.* at 8. Defendants deny these allegations. *See Answer*, ECF No. 17, at 10.

Plaintiffs filed an initial Complaint in this Court on October 29, 2018, and filed an Amended Complaint on January 11, 2019. *See Compl.*, ECF No. 1; *Am. Compl*. Plaintiffs include a "Preamble" in their Amended Complaint containing a number of general references to the goals of policing and the practicability of video recording technology. *See Am. Compl.*, at 1–2. Paragraphs 6 through 11 of the Preamble address prior alleged instances of misconduct on the part of HPD officers, as well as certain HPD policies. *Id.* at 2–4. Paragraph 6 concerns a 2011 incident wherein an officer allegedly prevented a man from filming a search of his vehicle. *Id.* at 2–3. Paragraph 7 details an alleged assault by an HPD officer in 2012, after which the officer apparently

---

[2] While Defendants ask the Court to strike portions of Plaintiff's complaint pursuant to the West Virginia Rules of Civil Procedure, *see Mot. to Strike*, at 1, the Federal Rules of Civil Procedure govern this Court's decisions. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), for the "broad command" that "federal courts are to apply state substantive law and federal procedural law").

deleted a video record of the incident. *Id.* at 3. Paragraph 8 concerns another case from 2012, wherein an officer allegedly used excessive force in a DUI encounter and did not record the incident on his cruiser's dash camera. *Id.* The Complaint notes that all three cases were settled with "significant" payments from the city. *Id.* Paragraphs 9 and 10 describe the HPD's "Mobile Video policy," and the Department's purported failure to abide by it. *Id.* Plaintiffs claim that "[t]he unofficial custom and policy is that the cameras 'work' when the footage benefits the department but fail to record when it is to its detriment." *Id.* at 4. Finally, Paragraph 11 details a 2015 confrontation between Defendant Lusk and another man during a traffic stop that ended with Lusk allegedly releasing his canine without verbal warning. *Id.*

On March 8, 2019, Defendants HPD, Ronnie Lusk, Colin Cooper, Aaron Lawhon, and Tyler Meade filed their Answer alongside a Motion to Strike Paragraphs 6 through 11 of Plaintiffs' Amended Complaint. *See Mot. to Strike*, at 2. They argue that the content of Paragraphs 6 through 11 is "only commentary by counsel for the Plaintiffs" and is "injected for improper and potentially inflammatory effects . . . on a jury." *Id.* at 3. On August 2, 2019, Plaintiffs filed their Response to Defendants' Motion to Strike after obtaining leave to submit a late response. *Pl.'s Resp. to Def.'s Mot. to Strike*, ECF No. 59. Plaintiffs point out that Rule 12(f) motions "are generally viewed with disfavor," and that Defendants "fail to explain how the [contested] allegations 'might cause prejudice at some later point . . . .'" *Id.* at 1, 3. The Court considers these arguments below.

## II. STANDARD OF REVIEW

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter," acting either "on its own" or "on motion made by a party." Fed. R. Civ. P. 12(f). This standard affords district courts significant discretion in determining whether to strike certain material from pleadings. *See Scherer v. Steel Creek Property Owners Ass'n*,

No. 1:13cv121, 2014 WL 813824, at *1 (W.D.N.C. Mar. 3, 2014). Nevertheless, courts "should use Rule 12(f) sparingly, as motions to strike are generally viewed with disfavor." *Jenkins v. Aylor*, No. 3:15-CV-00046, 2016 WL 2908410, at *11 (W.D. Va. May 17, 2016) (citing *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). As such, "[w]hen reviewing a motion to strike, the court must view the pleading under attack in a light most favorable to the pleader." *M.T. ex rel. Hayes v. Medley*, No. 14-cv-0424, 2014 WL 1404527, at *1 (D. Md. Apr. 9, 2014). It follows that Rule 12(f) motions should be denied "unless the challenged allegations have *no* possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Bailey v. Fairfax Cty.*, No. 1:10-cv-1021, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)) (emphasis added). This standard thus "imposes a sizeable burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993).

"Immaterial" matter is "that which has no essential or important relationship to the claim for relief." *CTH 1 Caregiver v. Owens*, No. 8:11-2215-TMC, 2012 WL 2572044, at *5 (D.S.C. July 2, 2012) (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005)). "Scandalous" matter "includes allegations that cast a cruelly derogatory light on a party to other persons." *Id.* While "[t]he disfavored character of Rule 12(f) . . . is somewhat relaxed in the context of scandalous matter," *Thornhill v. Aylor*, No. 3:15-CV-00024, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016), it is "not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action," 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004).

### III. DISCUSSION

Defendants move to strike Paragraphs 6 through 11 from Plaintiffs' Amended Complaint. *See Mot. to Strike*, at 2. Defendants claim that the allegations contained in these paragraphs are "only commentary by counsel for the Plaintiffs," and are therefore immaterial and scandalous. *See Mot. to Strike*, at 2. The Court disagrees that Plaintiffs' allegations serve such a narrow purpose.

### A. Allegedly Immaterial Matter

The Court first turns to Defendants' argument that the contested portions of Plaintiffs' Amended Complaint are immaterial. In Count VI of their Amended Complaint, Plaintiffs allege a claim of municipal liability. To make out a successful claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that an official municipal custom or policy caused the alleged violation. *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690–91 (1978); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997) (holding that an act of a municipality must directly cause injury). To constitute an "official custom or policy" under *Monell*, a Plaintiff need not demonstrate the existence of a written ordinance or other explicit directive. *See City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989) (holding that policymakers' failure to act, coupled with deliberate indifference, may constitute a "policy" under *Monell*). Indeed, where an unconstitutional practice is widespread and so "well settled as to constitute a custom or usage with the force of law," an unconstitutional "policy" under *Monell* may exist without any formal written directive. *Monell*, 436 U.S. at 690–91.

Here, Plaintiffs argue that the challenged portion of their Amended Complaint contains evidence tending to demonstrate the existence of an unconstitutional policy or custom. Within Count VI of their Amended Complaint, Plaintiffs aver that "failure to follow or enforce the mobile video recording policy has led to officers [sic] use of excessive force because they know the

department will not enforce the policy which could capture their acts." *Id.* Put differently, Plaintiffs allege that an unconstitutional practice has become so "well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. As evidence, Plaintiffs use Paragraphs 6 through 11 to identify four previous lawsuits "wherein HPD's hostile treatment of video recording its interactions with Huntington Citizens was on display." *Pl.'s Resp. to Def.'s Mot. to Strike*, at 2. Plaintiffs have therefore presented colorable arguments that the allegations in the challenged portion of their Amended Complaint are relevant to their municipal liability claims.

This point is made even clearer by the precise content of each paragraph, which can be broadly categorized into three sets of allegations. First, Paragraphs 6, 7, and 8 discuss several incidents involving unnamed HPD officers and video recording devices. *See Am. Compl.,* at 2–3. Second, Paragraphs 9 and 10 discuss the existence of an HPD video recording policy, and officers' alleged failure to abide by it. *Id.* at 3–4. Third and finally, Paragraph 11 discusses an alleged incident of misconduct involving Defendant Lusk and a recording device that failed to capture audio information. *Id.* at 4. Each set of allegations serves as potentially probative—and certainly material—evidence of the existence of an unconstitutional policy or custom. Far from having "no possible relation or logical connection to the subject matter of this case," Paragraphs 6 through 11 bear directly upon it. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004). As such, the allegations contained in the contested portion of the Amended Complaint are not immaterial under Rule 12(f).

**B. Scandalous Matter**

Turning next to Defendants' contention that Paragraphs 6 through 11 of the Amended Complaint are "scandalous," the Court reiterates that it is "not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are

relevant to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004). As materiality has already been established, Defendants must demonstrate that the allegations in Paragraphs 6 through 11 cast a "cruelly derogatory light on a party to other persons." *CTH 1 Caregiver*, 2012 WL 2572044, at *5.

Upon a review of the contested portion of the Amended Complaint, the Court finds no allegations that meet this high threshold. Paragraphs 6 through 8 recount other alleged instances of misconduct on the part of the HPD, but do not even include the names of the officers in question. Paragraphs 9 and 10 simply detail the HPD's video recording policy and allege that the policy is neither followed nor enforced. While Paragraph 11 names Defendant Lusk in the context of an earlier arrest, it includes no "cruelly derogatory" allegations; instead, it merely contends that Defendant Lusk failed to warn the driver of a stopped vehicle that he was releasing his canine. None of these allegations are "scandalous" within the meaning of Rule 12(f), particularly given the "sizeable burden" borne by the movants. *See Clark*, 152 F.R.D. at 70.

### IV. CONCLUSION

For the foregoing reasons, Court **DENIES** Defendants' Motion to Strike (ECF No. 17) Paragraphs 6 through 11 of Plaintiffs' Amended Complaint (ECF No. 3).

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 10, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE